**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 67.188.177.237,

    Defendant.
                                                                /

No. C 15-06070 WHA

**ORDER DENYING LEAVE
TO SERVE THIRD
PARTY SUBPOENA
AND DISMISSING CASE**

    Plaintiff has filed 178 actions in this district, claiming that defendants, whom plaintiff can only identify by their IP addresses, copied and distributed plaintiff's pornographic videos using the BitTorrent protocol. In the interest of judicial efficiency, all of plaintiff's actions in this district were assigned to the undersigned judge.

    Generally, in order to discover each defendant's identifying information (and thereafter to effect service), plaintiff must subpoena the defendant's Internet service provider, for which it must seek leave. Once leave is granted and the subpoena is served, the Internet provider generally responds within six to eight weeks.

    Plaintiff's counsel became overwhelmed with the limited time remaining to serve defendants before the deadline set forth in Rule 4(m) after receiving the Internet service provider's response and proposed a streamlined procedure for the service of process, which extended the deadline to effectuate service to thirty-five days after plaintiff received each

1  defendant's identifying information from the Internet service provider. An order detailing that
2  procedure was filed in this case (Dkt. No. 6).

3  Plaintiff commenced this action on December 27, 2015. Pursuant to Rule 4(m), the
4  deadline to effectuate service was March 28, 2016. Plaintiff filed its motion for leave to file a
5  subpoena on defendant's Internet service provider on March 28, meaning it would be
6  impossible to serve the defendant before the Rule 4(m) deadline. Plaintiff offered no
7  explanation for its delay in bringing this motion.

8  Plaintiff knew the Rule 4(m) deadline from the outset of the case. (Plainly, its decision
9  to file this motion at the deadline was no accident.) Plaintiff will not be allowed to
10 automatically extend the deadline to effectuate service indefinitely by seeking leave to serve a
11 third party subpoena at the last possible minute. Counsel should have acted promptly and
12 diligently, and going forward, plaintiff must seek leave to serve such subpoenas within the first
13 thirty days after a case is filed.

14 Plaintiff's instant motion for leave to serve a third party subpoena is **DENIED** and this
15 case is hereby **DISMISSED** for lack of prosecution. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: April 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2